John J. Dillon, S.
In determining the principal question raised by the supplemental petition the court regards the following facts as basic and decisive: In its decision of April 2, *788 1959, the court directed the executor to seek a tax refund. The executor complied with the court’s direction by filing a claim for refund with the Internal Revenue Service on June 8, 1959. What happened thereafter was not reasonably foreseeable by the executor or by any of the parties. Instead of agreeing to a refund the Internal Revenue Service reopened the entire tax proceeding, resolved all disputed questions against the estate (including those previously negotiated in the estate’s favor), and assessed an additional tax of $49,996.51. The assessment was based on the denial of any charitable deduction for the residuary bequest to Massachusetts Institute of Technology.
The executor thus found himself in a painful dilemma. Directed by this court to seek a refund, he was confronted with a heavy additional tax. Unless the Government’s claim can be compromised, he has only the choice of paying the tax or litigating the matter, perhaps unsuccessfully, at substantial expense in time and money. The claim can be settled on the basis of a disallowance of the charitable deduction, with all remaining questions resolved in the estate’s favor, resulting in an additional tax of $16,425.91 with interest. The court is requested in the supplemental petition to authorize the executor to effect such a compromise.
Upon the proof submitted, the court is satisfied that the proposed settlement is the. best result obtainable, from the standpoint of the estate as a whole. There is no adequate proof to support the argument of the charity that the claim could have been settled at an earlier date for a lesser amount, and that the opportunity to do so was lost through the executor’s failure to act. The prediction that further delay may improve the prospects of settlement is unimpressive—it may have a precisely opposite effect. The history of this estate furnishes an example of the futility of attempting to forecast the actions and attitudes of the tax authorities. It seems likely that the charity would have withheld its objections to the account if it could have foreseen all that has transpired since, for much of the burden of the additional tax will fall upon it and require it to refund some $4,500 to the estate.
The respondent would apparently hold the executor responsible for the disappointing result, and says in its brief that the present application represents “ an attempt by the executor to vacate this court’s prior determination.” The charge is scarcely justified. The court’s decision has indeed been nullified, but it is plain in the record that it was not the executor, but the Federal tax authorities who brushed it aside. It is equally plain that the executor struggled continuously to preserve the chari *789 table deduction, which would of course have been beneficial to the respondent. He is not to be blamed because his efforts were unsuccessful. ■ On this one point the representatives of the Internal Revenue Service have been adamant. Against their decision there is no recourse except the lottery of litigation. It is agreed that there is no controlling ruling on the right to a charitable deduction on the precise state of facts presented in this case. There are indications that the Government wants such a ruling and regards this as a likely case in which to get it. The hearing elicited conflicting opinions from competent tax experts on the probabilities of success or failure if the contest is resumed. All this merely emphasizes the speculative nature of continued litigation. The matter can now he settled for approximately one third of the amount of the Government’s claim. In the court’s opinion it should he settled. There are six other residuary legatees besides the charity. All arc individuals and all are said to be elderly. Their rights and liabilities should be fixed while there is yet time.
The first and second prayers for relief contained in the supplemental petition arc granted. In the third prayer the court is asked to allow an additional fee to the attorneys for the executor, one of whom is the executor himself. Since an issue has been raised as to the value of the services performed and no proof has been introduced on the subject, the application for the third item of relief is denied without prejudice to a renewal as the executor may be advised. It would appear that substantial services are still to he performed, and it would seem preferable to make such application when the matter is ready for final decree.